[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Katonah, New York on October 7, 1978. The plaintiff has resided continuously in this State for at least twelve months next preceding the date of the filing of the complaint. There are three minor children issue of the marriage: Graham Charles, born June 28, 1979; Jessica Vavara, born October 6, 1981; and Joseph Wood, born March 26, 1983. The evidence indicated that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 41 years old and enjoys good health. She holds a B.S. degree from the University of Bridgeport. She has spent the marriage years as a homemaker.
The defendant is 48 years old and except for hypertension has indicated no health problems. He owns a seat on the New York Stock Exchange which he currently leases out.
Both parties appear to be articulate, intelligent and sensitive. It is unfortunate that their marital relationship must terminate. Each must bear some responsibility for this result.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82, 46b-84 and46b-62 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) The parties shall have joint legal custody of the children, with the plaintiff having physical custody. The defendant shall have reasonable, liberal and flexible rights of visitation. CT Page 3169
(2) The defendant shall transfer his interest in the marital residence, located at 983 North Street, Greenwich, Connecticut, to the plaintiff. The transfer shall be subject to the existing mortgage and home equity loan, which shall be the sole obligations of the plaintiff, who shall indemnify and hold harmless the defendant for any liability hereon.
The defendant shall vacate the marital residence no later than April 30, 1994.
(3) The parties shall attempt to divide the personal property located in the family home by mutual agreement. If the parties cannot agree, the issue shall be submitted to the Family Services Unit for mediation. The court reserves jurisdiction over the division of the personal property located in the family home if the parties cannot reach an agreement.
(4) The defendant shall retain his interest in the New York Stock Exchange seat. He shall not sell the seat, without approval of the court, until his youngest child has graduated from high school. The purpose of this restriction is to provide security against the defendant's obligation to pay child support as hereinafter ordered.
(5) The parties shall retain their respective retirement accounts.
(6) The plaintiff shall retain her interest in the 1992 Mitsubishi automobile and be solely responsible for the loan on that automobile.
(7) The plaintiff shall transfer her interest in the 1986 Plymouth to the defendant.
(8) The parties shall retain their respective checking and savings accounts. The joint accounts shall be split equally.
(9) The plaintiff shall retain her interest in 200 shares of Toreador Royalty Company and 1900 shares of Lazare Kaplan. She shall be responsible for the margin loans.
(10) The plaintiff shall retain the 1000 shares of Crown Central as custodian for the three children.
(11) The plaintiff shall retain the entire interest in the two time shares and be responsible for the debt due in the amount of $3,300.
(12) The defendant shall retain his interest in his stamp collection.
(13) The defendant shall pay to the plaintiff as periodic alimony the CT Page 3170 sum of $30,000 per year, in equal monthly payments of $2,500. The payments shall commence on April 1, 1994 and continue until the death of the plaintiff, her remarriage or June 30, 2006, whichever event first occurs.
(14) The defendant shall pay to the plaintiff as child support the sum of $500 per month per child. The payments shall commence on April 1, 1994 and continue until each child dies, becomes emancipated or reaches majority, whichever event first occurs.
(15) A contingent wage withholding order may enter as to the alimony and child support obligations of the defendant.
(16) The defendant shall maintain $100,000 of life insurance on his life through the New York Stock Exchange and name the plaintiff the beneficiary until his obligation to pay alimony and child support terminates.
(17) If the defendant should die prior to the termination of his alimony and/or child support obligations, the total amount of his outstanding obligations shall be a charge against his estate in favor of the plaintiff and minor children.
(18) The defendant shall be responsible for the cost of medical and hospital insurance for the children during their minorities. The parties shall share equally the unreimbursed medical and dental expenses of the children. Section 46b-84c of the Connecticut General Statutes shall apply.
(19) The defendant shall maintain the children's stock as custodian until they attain age 18 and shall not spend any of these funds.
(20) The defendant shall pay the balance owed on 1993 state and federal taxes, and he shall be entitled to the New York State refund.
(21) The defendant shall pay the four debts listed on the plaintiff's financial affidavit.
(22) Each party shall be responsible for his and her own counsel fees.
Judgment may enter accordingly.
NOVACK, J.